UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CRISTIAN YOSIMAR CASTELLANOS
MORALES, proceeding by his next friend
DIANA EMILETH CASTELLANOS
MORALES,

     Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY et al.,

     Respondents.

_____/

Case No. 1:26-cv-1049

Honorable Jane M. Beckering

## OPINION

Diana Emileth Castellanos Morales initiated this action by filing a *pro se* petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2241 on behalf of her brother, Cristian Yosimar

Castellanos Morales, a United States Immigration and Customs Enforcement (ICE) detainee

currently detained at the North Lake Processing Center located in Baldwin, Lake County,

Michigan.[1] (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant the

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

**I.     Procedural History**

In the § 2241 petition, Mr. Castellanos Morales challenges the lawfulness of his current

detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C.

---

[1] The Court previously granted Ms. Castellanos Morales permission to proceed on Mr. Castellanos
Morales's behalf as next friend. (Order, ECF No. 8.)

§ 2241 either ordering Respondents to release Mr. Castellanos Morales or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process.[2] (Pet., ECF No. 1, PageID.4; Br. Supp. Pet., ECF No. 2, PageID.21.)

In an order entered on April 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested should not be granted. (Order, ECF No. 8.) Respondents filed their response on April 6, 2026. (ECF No. 9.)

## II.    Factual Background

Mr. Castellanos Morales is a native and citizen of Guatemala. (Pet., ECF No. 1, PageID.2; Notice to Appear (NTA), ECF No. 9-1, PageID.89.) On or about December 4, 2018, Mr. Castellanos Morales entered the United States at an unknown location without inspection. (NTA, ECF No. 9-1, PageID.89.) Thereafter, Department of Homeland Security (DHS) agents encountered and arrested Mr. Castellanos Morales and issued a Form I-862, NTA, charging him with inadmissibility under §§ 212(a)(7)(A)(i)(I) and 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Mr. Castellanos Morales is an immigrant "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]," and who is "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (*Id.*) On January 24, 2019, Mr. Castellanos Morales was released on bond. (Notice of Custody Determination, ECF No. 9-4, PageID.105.)

---

[2] In addition to filing the § 2241 petition, Ms. Castellanos Morales also filed a motion for immediate release and a motion for stay of removal. (ECF Nos. 4, 5.) As set forth in this opinion, the Court will grant the § 2241 petition and order Respondents to provide a bond hearing or release Mr. Castellanos Morales from custody. In light of this, the entry of the Court's opinion and corresponding judgment moots the pending motions.

On September 13, 2025, Mr. Castellanos Morales was arrested for felony assault in Columbus, Ohio. (2025 Form I-213, ECF No. 9-5, PageID.110.) On September 17, 2025, ICE arrested Mr. Castellanos Morales at the Franklin County Jail. (*Id.*) On September 23, 2025, an Immigration Judge (IJ) cancelled Mr. Castellanos Morales's bond. (Notice, ECF No. 9-6, PageID.114.)

On December 11, 2025, the Cleveland Immigration Court denied Mr. Castellanos Morales's application for asylum because the application was incomplete, and Mr. Castellanos Morales did not update it. (Order of the IJ, ECF No. 9-7, PageID.118–119.) The IJ ordered Mr. Castellanos Morales removed to Guatemala. (Order of the IJ, ECF No. 9-8, PageID.127.) Mr. Castellanos Morales appealed the removal order to the Board of Immigration Appeals, and the appeal remains pending. Because Mr. Castellanos Morales's appeal to the BIA remains pending, the order of removal is not "administratively final" for purposes of the INA.[3] *See* 8 U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B)(i), 1231(a)(2)(A).

---

[3] Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "[d]uring the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). However, as relevant to this case, the removal period does not begin to run until "[t]he date the order of removal becomes administratively final." *Id.* § 1231(a)(1)(B)(i). For the purposes of § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id.* § 1101(a)(47)(B); *see Jusufi v. Chertoff*, No. 07-15450, 2007 WL 4591760, at *4 (E.D. Mich. Dec. 28, 2007) (discussing that a final removal order becomes administratively final when the BIA denies an appeal of it); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021) ("[O]nce the BIA has reviewed [and affirmed] the [removal] order (or the time for seeking the BIA's review has expired), DHS is free to remove the alien *unless* a court issues a stay. That reinforces why Congress included 'administratively' before the word 'final' in the first provision."). Because Mr. Castellanos Morales's appeal to the BIA remains pending, § 1231 does not apply, and § 1226(a) governs his detention. *See Johnson*, 594 U.S. at 533 ("The parties agree that § 1226 governs the detention of aliens until § 1231's 'removal period' begins.").

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Exhaustion

Respondents argue that the Court should deny the request for habeas corpus relief because Mr. Castellanos Morales has not exhausted his administrative remedies. Specifically, Respondents argue that Mr. Castellanos Morales should pursue a bond hearing and, if necessary, appeal any unfavorable decision to the Board of Immigration Appeals.

The Court declines to enforce the doctrine of prudential exhaustion against Mr. Castellanos Morales, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Accordingly, the Court will proceed to address the merits of the § 2241 petition.

4

## V.    Merits Discussion

### A.    Statutory Basis for Detention

Respondents contend that Mr. Castellanos Morales meets every element for detention under § 1225(b)(2), and that the statute's structure and history support Respondents' interpretation.

The Court concludes that § 1226(a), not § 1225(b)(2)(A), governs noncitizens, such as Mr. Castellanos Morales, who have resided in the United States and were already within the United States when apprehended and arrested for the reasons set forth in the Court's statutory analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).[4]

### B.    Fifth Amendment Due Process Considerations

Mr. Castellanos Morales also argues that his detention violates the Fifth Amendment's Due Process Clause. Respondents argue that Mr. Castellanos Morales has received notice of the charges against him, has access to counsel, may request hearings with an immigration judge, has the right to appeal the denial of any request for bond, and has been detained by ICE for a relatively short period of time.

The Court concludes that Mr. Castellanos Morales's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates his Fifth Amendment due process rights

---

[4] The Court is aware of *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which was recently issued by the United States Court of Appeals for the Fifth Circuit, and *Avila v. Bondi*, No. 25-3248, --- F.4th ----, 2026 WL 819258 (8th Cir. Mar. 25, 2026), which was recently issued by the United States Court of Appeals for the Eighth Circuit. At this time, these non-binding cases do not change the Court's analysis.

for the reasons set forth in the Court's constitutional analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

## VI.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant the § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Mr. Castellanos Morales's § 2241 petition.

## VII.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents.[5] The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Mr. Castellanos Morales is transferred out of the

---

[5] The Court previously dismissed the Warden of the North Lake Processing Center as a Respondent, and added the ICE Detroit Field Office Director as a Respondent (Order, ECF No. 8.)

Western District of Michigan, the Court will retain the ICE Detroit Field Office Director and the Secretary for the Department of Homeland Security as Respondents. The Court will dismiss the United States Department of Homeland Security and United States Immigration and Customs Enforcement as Respondents.

### Conclusion

For the reasons discussed above, the Court will enter a judgment conditionally granting Mr. Castellanos Morales's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Mr. Castellanos Morales with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Mr. Castellanos Morales from custody.[6] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. Further, the Court will dismiss the United States Department of Homeland Security and United States Immigration and Customs Enforcement as Respondents.

Dated:        April 24, 2026            /s/ Jane M. Beckering
                                        Jane M. Beckering
                                        United States District Judge

---

[6] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.